IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-15-470 |
| ALFRED PATTERSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Alfred Patterson is a 55-year-old federal prisoner who is serving a 204-month sentence for Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 2) and for brandishing a firearm during and in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c) (Count 3). (Judgment, ECF No. 101.) Now pending is Patterson's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute), based on his particular vulnerability to COVID-19. (ECF No. 128). The Government opposes the motion, (ECF No. 135 *SEALED*), and Patterson has replied (ECF No. 137). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, the motion will be DENIED.

## BACKGROUND

Following a five-day jury trial before this Court, Patterson was convicted of one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). He was acquitted of

one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g). (Jury Verdict, ECF No. 86; Superseding Indictment, ECF No. 22.)

The following is a summary of the facts proven at trial as reflected in the statement the Government provided to the United States Probation Office for inclusion in Patterson's Presentence Investigation Report ("Amended PSR"). (Amended PSR, ECF No. 104 ¶¶ 7-14.) At approximately 4:00 p.m. on Wednesday, January 25, 2015, Baltimore City police officers stationed in an abandoned house were observing the 3700 block of Beehler Avenue, an area that had recently been the site of a shooting. (*Id.* ¶¶ 7-9.) The officers watched a champagne-colored Lincoln pull up to 3715 Beehler Avenue. The driver of the vehicle, Wayne Price, spoke to an individual dressed in all black through the driver's side window of the car. Patterson was sitting in the front passenger seat. (*Id.* ¶ 9.) The man dressed in black beckoned down the street for another individual, 19-year-old Leroy Stanley. Stanley had been selling heroin together with the man dressed in all black. Stanley approached the car and spoke to Price, who indicated that he wanted to purchase two baggies of heroin. Stanley then climbed in the car and sat in the middle of the backseat. (*Id.* ¶ 11.) As Stanley extended his hand to pass the Price the heroin, Price grabbed Stanley's arm. (*Id.* ¶ 10-11.) Patterson then leaned around and pointed a loaded firearm at Stanley's face. (*Id.* ¶ 11.) Stanley dropped the heroin in the car and exited the vehicle. The Lincoln then pulled off, and the officers radioed their colleagues to pull over the car. As officers removed Patterson from the car, they found on the passenger seat the chrome revolver that Patterson had pointed at Stanley as well as the two baggies of heroin Stanley dropped. (*Id.* ¶ 12.) The revolver was loaded with six rounds. (*Id.*)

After the jury returned guilty verdicts on Counts 2 and 3, this Court held a two-day sentencing hearing on April 12 and 13, 2016. At sentencing, this Court overruled the Government's request to find that Patterson qualified as a career offender and instead determined that Patterson's Criminal History Category was IV and that his offense level for the Hobbs Act robbery count was 21. (Apr. 13. 2016 Tr. at 5, ECF No. 112; ECF No. 104 ¶ 28.) The guideline sentence for the 924(c) count pursuant to USSG § 2K2.4 was the minimum sentence required by the statute, 84 months consecutive to any other sentence imposed. *See* 18 U.S.C. § 924(c)(1)(A)(ii). This Court ultimately sentenced Patterson to a term of imprisonment of 71 months on Count 2 and 133 months on Count 3, to run consecutive to the sentence imposed on Count 2 for a total term of 204 months or 17 years in prison. (ECF No. 101.) Patterson appealed his conviction and sentence, and the United States Court of Appeals for the Fourth Circuit affirmed both in an unpublished decision. *United States v. Patterson*, 860 F. App'x 865, 867 (4th Cir. 2021).[1]

Patterson is currently incarcerated at FCI Cumberland in Maryland. (ECF No. 128 at 3.) On February 2, 2021, Patterson filed the presently pending Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 128.)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.

---

[1] The reason for the delay between the entry of Patterson's Judgment and the resolution of his appeal is that the United States Court of Appeals for the Fourth Circuit granted his request to hold his appeal in abeyance pending resolution of several cases which posed the question of whether Hobbs Act robbery satisfied the requirements of the force clause of 18 U.S.C. § 924(c). Order, *United States v. Patterson*, No. 16-4222, (4th Cir. July 22, 2016). In *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit held that substantive Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c).

Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release

4

petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

In this case, the Government does not contest that Patterson has exhausted his administrative remedies[2] and concedes that his susceptibility to severe illness from COVID-19 due to his Type II Diabetes constitutes an "extraordinary and compelling reason" that makes him eligible for release. (ECF No. 135 *SEALED* at 13.) Accordingly, this Court must now assess whether the factors found at 18 U.S.C. § 3553(a) support release.

The factors require this Court to evaluate (1) Patterson's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *United States v. Bryant*, Crim No. 95-202-CCB, 2020 WL 2085471 at *4. On balance, these factors weigh against release based on Patterson's history and characteristics and this Court's conclusion that Patterson remains a danger to the community. As this Court

---

[2] *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021) ("Because the [exhaustion] requirement is not jurisdictional, it may be waived or forfeited.").

noted at sentencing, Patterson is a recidivist offender. (ECF No. 112 at 41.) Patterson has multiple convictions for robbery with a deadly weapon. (ECF No. 104 ¶¶ 39-43.) While it is true that his prior convictions are dated, this Court took that factor into account in declining to impose the 30-year sentence requested by the Government. Patterson has served just 6 years of his sentence. Immediate release, or even a reduction in Patterson's sentence, would not provide just punishment or promote respect for the law given the seriousness of his offenses.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 10th day of January, 2022 that Defendant Alfred Patterson's Emergency Motion for Compassionate Release (ECF No. 128) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge